Susan J. Olson, SBN 152467
E-Mail: susan.olson@bullivant.com
C. Todd Norris, SBN 181337
E-Mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Board of Trustees of the
Laborers Pension Trust Fund for Northern
California

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
LABORERS PENSION TRUST FUND FOR
NORTHERN CALIFORNIA,

Plaintiff,

vs.

ROBERTO PASTRAN, JR., an individual,

Defendant.

Case No.: 09 5979

COMPLAINT TO RECOVER PENSION BENEFIT OVERPAYMENTS

NOW COMES the Plaintiff the Board of Trustees for the Laborers Pension Trust Fund for Northern California ("Trust Fund"), and for its causes of action against Defendant Roberto Pastran, Jr., alleges as follows:

I. **JURISDICTION AND VENUE**

1. This Court has jurisdiction of the action under and pursuant to the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., as amended. This court has subject matter jurisdiction over this matter under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2. Plaintiff brings this action as a fiduciary under ERISA § 502(a)(3)(B)(ii) to enforce the terms of an ERISA pension plan.

12201053.1

– 1 –

COMPLAINT TO RECOVER PENSION BENEFIT OVERPAYMENTS

3. Venue lies in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## II. PARTIES

4. The Laborers Pension Trust Fund for Northern California ("the Trust Fund") is a trust fund organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Fund was established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Fund is an employee benefit plan created by written trust agreement subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Board of Trustees, a fiduciary, is the plaintiff, who sues on behalf of the Trust Fund.

5. At all times mentioned herein, the Trust Fund is an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C.§ 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6. The Board of Trustees is charged with the duty to conserve the assets of the Trust Fund and to pay pension benefits consistent with the written provisions of the pension plan and underlying Trust Agreement.

7. Plaintiff is informed and believes, and upon that ground alleges, that at all times material hereto, Defendant Roberto Pastran, Jr. ("Pastran, Jr.") is an individual who resides in Rosemead, California. Plaintiff is further informed and believes, and upon that ground alleges, that Pastran, Jr. wrongfully and fraudulently received pension benefits payable to Roberto Pastran, Sr., his father, for a period of over six years after Roberto Pastran, Sr.'s death.

## III. FACTS

8. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

9. Under the terms of the Laborers Pension Plan for Northern California ("the Plan"), pension benefits are payable to the Plan participants who have earned sufficient pension credits to become vested and who satisfy the Plan's definition of Retirement from the Plan.

10. Roberto Pastran, Sr. retired from employment and was awarded a pension benefit from the Plan effective July 1981. At the time of Robert Pastran, Sr.'s retirement, Pastran, Sr. elected a pension that would pay benefits for his lifetime. Pastran, Sr. died in March 2003; however, Defendant Pastran, Jr., his son, failed to notify the Plan of Pastran, Sr.'s death. The Defendant's failure to notify the Plaintiff of Pastran, Sr.'s death caused the Plan to continue to pay pension benefits outside the terms of the Plan.

11. Upon discovery by the Plaintiff of Pastran, Sr.'s death, Plaintiff learned that pension benefits in the amount of $68,183.50 had been improperly paid to Pastran, Jr. since under the terms of the Plan, benefits should have ceased upon Pastran, Sr.'s death. As a result of Defendant Pastran, Jr.'s failure to notify the Trust Fund, Pastran, Jr. received and retained pension benefits to which he was not entitled to under the terms of the Plan.

12. The Trust Fund notified Defendant of the obligation to repay the pension benefits but Defendant failed to comply with Plaintiff's demand for restitution. Plaintiff, in compliance with its fiduciary duties, is now compelled to file this action to enforce the written terms of the Plan and recover improperly paid pension benefits.

**FIRST CAUSE OF ACTION**

**(Fraud)**

13. Plaintiff realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1-12 of this Complaint.

14. On information and belief, following the death of Robert Pastran, Sr., defendant Pastran, Jr. hatched a scheme whereby he would falsify his father's signature on Plaintiff's "ANNUAL STATEMENT BY PENSIONER" certification form, in order to falsely represent and certify to Plaintiff that Pastran, Sr. was still alive and therefore eligible to receive pension benefits. Pastran, Jr. did in fact forge his father, Pastran, Sr.'s signature on multiple forms, and did in fact send the forged documents to Plaintiff with the intent that Plaintiff would rely upon

1 the documents as certification that Pastran, Sr. was still alive, even though Pastran, Jr. knew that
2 Pastran, Sr. was no longer alive. Plaintiff did in fact justifiably believe and rely upon
3 Defendant's false representations and certifications, and continued sending pension checks to
4 Pastran, Sr., based upon Pastran, Jr.'s intentionally and knowingly false representations.
5 Pastran, Jr. received the checks, and on information and belief, forged his father's signature on
6 the checks, cashed the pension checks made payable to Pastran, Sr., and then converted the
7 funds to his own use.

8     15.    Defendant Pastran, Jr. knowingly, intentionally and maliciously made the above
9 described false representations for purposes of defrauding and stealing money from Plaintiff.

10     16.    As a direct, legal and proximate result of Defendant's fraud, Plaintiff has been
11 damaged as alleged herein above, and in an amount that is no less than $68,183.50, exclusive of
12 interest, costs and attorneys fees, all of which Plaintiff is entitled to recover from Defendant
13 herein.

## SECOND CAUSE OF ACTION

### (Conversion)

16     17.    Plaintiff realleges and incorporates by reference, as though fully set forth, the
17 allegations contained in paragraphs 1-16 of this Complaint.

18     18.    Plaintiff has lawfully demanded that Defendant return the money that Defendant
19 wrongfully took from Plaintiff, but Defendant has so far failed and refused to return any of the
20 money that was wrongfully received by Defendant.

21     19.    Through his failure to return the money he wrongfully received from Plaintiff,
22 Defendant has wrongfully exercised control and dominion over the money in violation of the
23 rights of Plaintiff, and has wrongfully, knowingly, intentionally and maliciously converted
24 Plaintiff's money to Defendant's own use and benefit in willful and intentional violation of the
25 law.

26     20.    As a direct, legal and proximate result of Defendant's wrongful, fraudulent and
27 intentional conversion, Plaintiff has been damaged as alleged herein above, and in an amount
28 that is no less than $68,183.50, exclusive of interest, costs and attorneys fees, all of which

1 | Plaintiff is entitled to recover from Defendant herein.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 above.

22. By engaging in the conduct alleged, Defendant has been unjustly enriched and has wrongfully gained an amount of not less than $68,183.50 plus interest, according to proof at trial. By reason of Defendant's wrongful conduct, the ill-gotten profits are in the hands of Defendant even though they rightfully belong to Plaintiff.

23. To permit Defendant to retain these proceeds, interest, and profits would be to sanction fraud, inequitable and wrongful conduct. Plaintiff should therefore have judgment against Defendant in the amount that Defendant has been unjustly enriched, which amount is not less than $68,183.50 plus interest, according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Equitable Restitution Under ERISA §§ 502(a)(3))

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 above.

25. By virtue of the foregoing, and under ERISA §§ 502(a)(3), 29 U.S.C. §§ 1132(a)(3), Plaintiff is entitled to reimbursement and restitution from Defendant for an amount of not less than $68,183.50 plus interest, according to proof at trial.

26. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs incurred in connection with this action.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment as follows:

1. For restitution of the pension benefits improperly paid to and retained by Roberto Pastran, Jr. in the amount of $68,183.50 plus interest, or in the alternative, for money damages in the amount of $68,183.50, plus interest;

///

2. For reasonable attorneys fees and costs incurred by Plaintiff to recover the pension benefit over payment;

3. For all other allowable interest as provided by law, including prejudgment interest; and

4. For such further or other relief as the court may deem proper, including but not limited to, a constructive trust and/or equitable lien over the stolen funds.

DATED: December 22, 2009

                                       BULLIVANT HOUSER BAILEY PC

                                       By _____
                                              Susan J. Olson
                                              C. Todd Norris

                                       Attorneys for Plaintiff Board of Trustees of the Laborers Pension Trust Fund for Northern California