Susan J. Olson, SBN 152467
E-Mail: susan.olson@bullivant.com
C. Todd Norris, SBN 181337
E-Mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Board of Trustees of the
Laborers Pension Trust Fund for Northern
California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTO PASTRAN, JR., an individual, and RAMON PASTRAN a.k.a. RAYMOND PASTRAN, an individual,<br><br>Defendants. | Case No.: 3:09-cv-05979-WHA<br><br>**SEPARATE CASE MANAGEMENT STATEMENT; REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE;** ORDER CONTINUING CMC<br><br>Date:     May 27, 2010<br>Time:     11:00 a.m.<br>Location: Courtroom 9, 19th Flr. |

Pursuant to the Clerk's Notice Scheduling Initial Case Management Conference On Reassignment, Plaintiff hereby submits the following Separate Case Management Conference Statement:

1. **Jurisdiction and Service**

    a. **The Only Remaining Defendant To This Action Has Been Served But Has Not Responded To The Complaint**

Defendant Roberto Pastran, Jr. (now deceased) was served on January 5, 2010. Upon learning that Roberto Pastran, Jr. had passed away, plaintiff dismissed him from the lawsuit. Plaintiff does not presently intend to pursue his estate, heirs or successors in interest, but reserves its right to do so upon discovery of facts warranting same.

1   The only remaining defendant to this action, Ramon Pastran a.k.a. Raymond Pastran, was added to the lawsuit by way of an amended complaint on March 2, 2010. Ramon Pastran was only recently located by Plaintiff and served with the complaint by substitute service on April 17, 2010. Plaintiff's process server was informed by Ramon Pastran's live-in caregiver, Ruby Ochoa, that Mr. Pastran is in the hospital. As of May 10, 2010 (the last day for Mr. Pastran to respond to the complaint), no response to the complaint had been filed.

Under the circumstances, rather than immediately move for a default, Plaintiff wrote to both Mr. Pastran and to his live-in caregiver on May 14, 2010, requesting that Mr. Pastran either respond to the complaint or otherwise contact Plaintiff's counsel by May 21, 2010. If Plaintiff's counsel does not hear from Mr. Pastran by May 21, 2010, counsel will request that the court enter a default against Mr. Pastran.

Plaintiff respectfully requests that the Court continue the case management conference for approximately 60 days, which will give the parties adequate time to meet and confer, in the event that is necessary, prior to filing a Joint Case Management Statement. Alternatively, a brief continuance will give plaintiff sufficient time to have a default entered and a request for judgment filed.

      **b.**    **Jurisdiction and Venue**

Jurisdiction, venue and personal jurisdiction are proper. This court has original jurisdiction over the claims alleged herein under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and more specifically, ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). Plaintiff purports to bring the action as a fiduciary under ERISA §502(a)(3)(B)(ii) to enforce the terms of an ERISA plan. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the subject ERISA plan is administered in this district.

**2.**    **Facts**

This is a reimbursement action brought by plaintiff the Board of Trustees for the Laborers Pension Trust Fund for Northern California (Trust Fund) on behalf of an ERISA plan ("Plan") seeking reimbursement of overpayment of retirement benefits from defendant Ramon

1  Pastran a.k.a. Raymond Pastran who, on information and belief, continued to receive his father's
2  retirement benefits for several years after his father had passed away.
3       **Principal Factual Issue:** The Trust Fund contends that under ERISA and under the
4  terms of the Plan, the Trust Fund is entitled to restitution and to be reimbursed for the
5  overpayment of the benefits in excess of $68,000, which, on information and belief, Ramon
6  Pastran has converted to his own use.
7       **3.**    **Legal Issues**
8       Whether the Trust Fund is entitled to restitution of the overpayment of benefits to
9  Ramon Pastran, who, on information and belief, purported to be Roberto Pastran, Sr. (deceased),
10 so that he could continue to receive and to negotiate Roberto Pastran, Sr.'s retirement checks
11 after Roberto Pastran, Sr. had passed away in 2003.
12      **4.**    **Motions**
13      Plaintiff anticipates the possibility of a motion for summary judgment.
14      **5.**    **Amendment of Pleadings**
15      None anticipated.
16      **6.**    **Evidence Preservation**
17      Plaintiff anticipates that it will need to subpoena documents from check cashing
18 institutions as well as notaries who notarized statements signed by Roberto Pastran, Sr. *after* he
19 was deceased.
20      **7.**    **Disclosures**
21      Will take place per code following service of the summon and complaint on defendant.
22      **8.**    **Discovery**
23      Plaintiff anticipates discovery in this case will be completed within 8 months. There is
24 no need for modification to the discovery rules.
25      **9.**    **Class Actions**
26      Not applicable.
27 ///
28 ///

**10. Related Cases**

None.

**11. Relief**

Plaintiff contends that it is entitled to reimbursement, damages and restitution according to proof but in an amount no less than $68,183.50 plus interest, profits, attorneys' fees and costs.

**12. Settlement ADR**

The Trust Fund remains open to the possibility of a settlement, but expects that it will be required to pursue this matter to judgment.

**13. Consent to Magistrate For All Purposes**

The parties do not consent to a magistrate judge.

**14. Other References**

The parties do not believe the case is suitable for other references.

**15. Narrowing of Issues**

The issues are relatively narrow in that plaintiff must simply establish that defendant continued to unlawfully negotiate Roberto Pastran, Sr.'s retirement checks *after* Pastran, Sr. passed away.

**16. Expedited Schedule**

N/A

**17. Scheduling**

Plaintiff suggests discovery dates be determined at a subsequent case management conference, after Ramon Pastran has responded to the complaint.

**18. Trial**

Three-day court trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties have no such entities or persons to disclose.

///

///

///

**20.    Other Matters**

None.

DATED: May 18, 2010

                                    BULLIVANT HOUSER BAILEY PC

                                    By    /s/ C. Todd Norris
                                            Susan J. Olson
                                            C. Todd Norris

                                    Attorneys for Plaintiff Board of Trustees of the
                                    Laborers Pension Trust Fund for Northern
                                    California

                                                  ORDER

The case management conference is hereby **CONTINUED** to June 22, 2010, at 11:00 a.m. Please file a joint statement at least seven days prior.

Dated:  May 18, 2010.

                                                 IT IS SO ORDERED
                                                 Judge William Alsup